Thomas A. EAMES, Roberta L. Eames, and Tammy Eames, on behalf of themselves and all others similarly situated, Appellants

v.

NATIONWIDE MUTUAL INSURANCE COMPANY.

No. 08–4125.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a), Sept. 17, 2009.

Opinion Filed: Sept. 24, 2009.

John S. Spadaro, Esq., Hockessin, DE, for Appellants.

Hala A. Sandridge, Esq., Fowler White Boggs, Tampa, FL, Nicholas E. Skiles, Esq., Swartz Campbell, Wilmington, DE, for Appellee.

Before: SLOVITER, FUENTES, and SMITH, Circuit Judges.

## OPINION OF THE COURT

FUENTES, Circuit Judge:

The gravamen of the case filed by Thomas Eames, Roberta Eames, and Tammy Eames ("the Eameses") is that Nationwide Mutual Insurance Company ("Nationwide") engaged in misrepresentation with respect to the Eameses' automobile insurance policy by describing the policy limits for Personal Injury Protection ("PIP") coverage as "full." Specifically, the Eameses allege that this practice is misleading as they purchased "full" PIP coverage but only received the statutory minimum payments of $15,000 per person and $30,000 per accident when they made PIP claims on their Nationwide policy. The Eameses appeal from the District Court's Orders granting Nationwide's motions to dismiss. They challenge the District Court's statute-of-limitations ruling and its holding that the pleadings failed to satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b). For the reasons stated below, we will affirm.

## I.

The District Court had diversity jurisdiction under 28 U.S.C. § 1332. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the grant of Nationwide's motions to dismiss. *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 519 (3d Cir.2007).

## II.

Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for the resolution of the case.

The Eameses commenced this proposed class action in Delaware Superior Court; it was removed by Nationwide to the District Court of Delaware based on diversity jurisdiction. The case concerns Nationwide's sale of automobile insurance policies that describe the policy limits for Personal Injury Protection ("PIP") coverage as "full." Thomas Eames and Roberta Eames are named insureds under such a Nationwide automobile insurance policy. On February 7, 2003, they and their daughter, Tammy Eames, were injured in an automobile accident. The Eameses allege that they tendered claims for PIP benefits following the accident and that Nationwide stated that their policy limits had been exhausted by payment of the minimum statutory amount, $15,000 per person and $30,000 per accident.

The Eameses' original Complaint asserted five causes of action: (1) declaratory judgment; (2) breach of contract; (3) bad faith breach of contract; (4) consumer fraud in violation of the Delaware Consumer Fraud Act ("DCFA"), 6 Del.Code § 2513; and (5) civil conspiracy. With respect to the DCFA claim, the Eameses contend that the use of the word "full" deceptively suggested that they had purchased the maximum amount of PIP coverage that Nationwide actually offered, $100,000 per person and $300,000 per acci-

dent—the "maximum limit" theory. The Eameses also argue that the word "full" misled them to believe that what they had purchased—$15,000 per person and $30,000 per accident—was the most PIP coverage available for purchase—the "fullest available limit" theory. The civil conspiracy cause of action was also premised on the allegation that Nationwide's characterization of PIP limits as "full" was misleading.

Nationwide filed a motion to dismiss the Eameses' Complaint. On February 2, 2006, the District Court dismissed the first three counts with prejudice. The Court dismissed the fraud-based claims with leave to amend, ruling that they were not pleaded with sufficient particularity to satisfy Federal Rule of Civil Procedure 9(b). The Eameses subsequently filed an Amended Complaint limited to claims for violation of the DCFA and civil conspiracy; Nationwide filed a second motion to dismiss. On August 29, 2006, ruling that the Eameses had reason to know in 1994 that their policy limits were $15,000 per person and $30,000 per accident, the District Court concluded that, with respect to the "maximum limit" theory, the applicable three-year statute of limitations had run. The Court dismissed the remaining counts to the extent that they relied on the "maximum limit" theory. Concerned about the effect of this partial dismissal on the amount in controversy, the Court reserved ruling on the balance of Nationwide's motion to dismiss pending a resolution of the jurisdictional question. The Eameses filed a motion to reconsider the statute-of-limitations ruling. In their jurisdictional submissions, the parties agreed that the amount-in-controversy requirement was met even after the dismissal of the "maximum limit" theory.

The motion to dismiss and motion for reconsideration were referred to a Magis-

trate Judge who, in a Report and Recommendation, recommended that the motion for reconsideration be denied and that the motion to dismiss be granted. On September 30, 2008, the District Court issued a Memorandum Opinion overruling the Eameses' objections and granting the remainder of Nationwide's motion to dismiss.

In their Notice of Appeal, the Eameses appealed from the following orders: the February 2, 2006 Memorandum Opinion and Order granting Nationwide's motion to dismiss the original Complaint; the August 29, 2006 Memorandum Opinion and Order granting in part Nationwide's motion to dismiss the Amended Complaint based on statute-of-limitations grounds; and the September 30, 2008 Memorandum Opinion and Order adopting the Report and Recommendation and granting the remainder of Nationwide's motion to dismiss the Amended Complaint.

### III.

On appeal, the Eameses raise the following contentions: (1) the requirement that a plaintiff plead fraud claims with particularity does not apply to statutory consumer protection claims; (2) assuming *arguendo* that the particularity requirement does apply, the Amended Complaint pled violations of the DCFA with the requisite particularity; (3) the District Court erred in dismissing, on statute-of-limitations grounds, the fraud claims to the extent that they were based on the "maximum limit" theory; and (4) the Magistrate Judge improperly ruled on the merits of the Eameses' claims.

In three extensive written opinions, the District Court carefully and thoroughly considered the contentions that the parties raise in this appeal. After a complete review of the record and the parties' arguments, we find no basis for disturbing the District Court's rulings. Therefore, we will affirm the judgments substantially for the reasons set forth by the District Court in its written opinions. *See Eames v. Nationwide Mutual Ins. Co.*, No. 04–cv–1324, 2008 WL 4455743 (D.Del. Sept.30, 2008); *Eames v. Nationwide Mutual Ins. Co.*, No. 04–cv–1324, 2006 WL 2506640 (D.Del. Aug.29, 2006); *Eames v. Nationwide Mutual Ins. Co.*, 412 F.Supp.2d 431 (D.Del. 2006).

We add only the following: With respect to the statute-of-limitations ruling, the Eameses argue that Nationwide made representations in 2003 that they had "full" PIP coverage, thus beginning a new three-year limitations period. In 2003, however, the Eameses already had reason to know that the term "full," when applied to PIP coverage, did not mean the maximum amount of PIP coverage offered by Nationwide, $100,000 per person and $300,000 per accident. Thus, when Nationwide used the term "full" in 2003, this was not a misrepresentation that could commence a new limitations period under the "maximum limit" theory. The Eameses' reliance on the 2003 statements is misplaced, and we will therefore affirm the District Court's statute of limitations ruling.

### IV.

For the foregoing reasons, we affirm the judgments of the District Court.